J-S18007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARVIS PAYTON, | |
| Appellant | No. 2583 EDA 2013 |

Appeal from the Judgment of Sentence entered August 9, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0013450-2012

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

CONCURRING AND DISSENTING MEMORANDUM BY ALLEN, J.:**FILED JUNE 17, 2015**

I join the Majority's conclusion that sufficient evidence supports Appellant's convictions.  My review of the record, however, establishes that Appellant has not met his burden of establishing his after-discovered evidence claim.  I therefore dissent from the Majority's decision to vacate Appellant's sentence and remand for an evidentiary hearing.

Our Supreme Court has summarized:

> The four-prong test for awarding a new trial because of after-discovered evidence is well settled.  The evidence: (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and 4) would likely result in a different verdict.

***Commonwealth v. Castro***, 93 A.3d 818, 821 n.7 (Pa. 2014) (citation omitted).  Additionally, "the proposed new evidence must be 'producible and

admissible.'" ***Commonwealth v. Chamberlain***, 30 A.3d 381, 414 (Pa. 2011) (citation omitted). In order for a new trial to be granted, a defendant must establish at the evidentiary hearing, by a preponderance of the evidence, that each of the above factors has been met. ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010).

My review of the record reveals that Appellant has failed to meet his burden. The fact that Officer O'Connor was twice found civilly responsible by a federal district court has little relevance to Appellant's criminal conviction. ***See generally***, Pa.R.E. 401. The same is true regarding statements made by Bell in his affidavit, in which he states ***in his case*** "officers O'Connor and Goshert fabricated a basis for the unlawful stop in their police reports, searched Bell's person and vehicle without consent, and gave false testimony at trial." Majority, at 8. In fact, the jury in ***Bell*** rejected the plaintiff's claim of an illegal stop. ***See Bell***, 2014 U.S. Dist. LEXIS 163333. At best, this evidence could be used to impeach Officer O'Connor's credibility. At Appellant's trial, the trial court as fact-finder credited Officer O'Connor's version of the incident, and expressly "discredited [Appellant's] testimony based upon his demeanor, manner of testifying, as well as his prior conviction for a *crimen falsi*." ***See*** Trial Court Opinion, 5/16/14, at 4. Clearly, under ***Castro*** and ***Chamberlain***, Appellant's after-discovered evidence claim fails.

The Majority nevertheless accepts Appellant's claim that his new evidence would provide a basis to pursue a suppression motion. Majority, at

12. My review of the record refutes Appellant's claim. At sentencing, Appellant asked the trial court to remove trial counsel because Appellant believed counsel to be ineffective. **See** N.T., 8/9/13, at 4. Appellant cited myriad reasons to support his assertion, including trial counsel's failure to pursue a suppression motion. **Id.**, at 4-13. According to Appellant, trial counsel informed him that because he was a backseat passenger in someone else's vehicle, he lacked "standing" to pursue a suppression motion.[1] N.T., 8/9/13, at 7. At sentencing, trial counsel likewise indicated that he had communicated to Appellant that a suppression motion would be unsuccessful. **Id.** at 18. Because Appellant was charged with possessory crimes, he would have had standing to file a suppression motion; there is no indication in the record, however, that Appellant would be able to establish that he had an expectation of privacy in the other person's vehicle. **See generally**, **Commonwealth v. Powell**, 994 A.2d 1096 (Pa. Super. 2010), *appeal denied*, 13 A.3d 477 (Pa. 2010). Indeed, during his allocution at sentencing, Appellant informed the trial court that the vehicle in which he was a passenger "did not belong" to him. N.T., 8/9/13, at 34. Thus, the

---

[1] The certified record contains both an omnibus pre-trial motion filed by prior defense counsel, as well as a *pro se* suppression motion. Although the trial court denied one of these motions prior to Appellant's waiver trial, **see** N.T. 6/7/13, the motion was not specifically identified.

- 3 -

record refutes Appellant's claim that he could successfully pursue a suppression motion.

In sum, because sufficient evidence supports Appellant's convictions, and his after-discovered evidence claim lacks merit, I would affirm Appellant's judgment of sentence.